IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Vickery Smith, | ) | C/A No. 6:26-cv-00308-BHH-KFM |
| | ) | |
| Plaintiff; | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| FC Marketplace, LLC d/b/a Funding Circle; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction and temporary restraining order ("TRO") (doc. 2).  The plaintiff, proceeding *pro se*, brings this action seeking relief based on a loan issued to his business[1] (doc. 9). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on March 23, 2026, after he was instructed to provide a complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure (docs. 1; 9).  With his original filings, the plaintiff submitted a motion for a preliminary injunction and a TRO (doc. 2).[2]  In his motion, which reiterates the claims in the plaintiff's complaint, the plaintiff requests that the Court prevent the defendant from attempting to collect payments on the loan at question in the plaintiff's complaint (*id*. at 1).

---

[1] The business name is We Care Durable Medical Supplies, LLC.

[2] In the order filed February 2, 2026, the plaintiff was informed that his motion had been reviewed and an appropriate ruling would be issued in due course once he submitted documents in compliance with the order's requirements (doc. 1 at 1–2).  Although the plaintiff has not provided all of the documents set forth in the order, the undersigned has reviewed his motion because he submitted a complaint that complied with the order's requirements.

The plaintiff contends that the defendant is charging an unlawful interest rate on the loan and that the loan payment will be drafted each month, which constitutes irreparable harm (*id*. at 2–3).  As addressed below, the undersigned recommends that the plaintiff's motion be denied.

A plaintiff seeking a preliminary injunction or TRO must establish all four of the following elements:  (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010).  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  *See Real Truth*, 575 F.3d at 346–47.  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

The plaintiff's motion for a preliminary injunction/TRO should be denied because he has not shown that he is likely to succeed on the merits of his claims (doc. 2). The plaintiff's complaint asserts claims of fraud and violations of South Carolina law as well as violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (*see* doc. 9). However, the first South Carolina statute cited, S.C. Code § 34-31-20[3], sets the interest rate on judgments in the state (and does not set a maximum allowable interest rate).  S.C.

---

[3] The plaintiff's complaint lists S.C. Code § 34-31-210, which does not exist.  The undersigned has construed the complaint as referencing § 34-31-20, as the 210 appears to be a typo (*see* doc. 9 at 12).

Code § 34-31-20.  The other statute, S.C. Code § 37-1-108, does not apply to the plaintiff's loan because that statute only applies to consumer loans, and the plaintiff's business loan does not qualify under the statute as a consumer loan.  *See* S.C. Code §§ 37-1-108, 37-3-104 (defining consumer loan as a loan made where (1) the debtor is a person other than an organization, (2) debt is incurred for personal, family, or household purpose, (3) debt is paid in installments or finances charges are made; and (4) principal does not exceed $25,000.00 or the debt is secured by an interest in land).  The plaintiff may also not rely on his conclusory allegations of fraud to support his request for a preliminary injunction or TRO.  Under Rule 9 of the Federal Rules of Civil Procedure, fraud claims have a higher pleading standard and must be stated *with particularity*.  Fed. R. Civ. P. 9 (emphasis added).  The elements of fraud include:  (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.  *See McLaughlin v. Williams*, 665 S.E.2d 667, 670 (S.C. Ct. App. 2008)).  The plaintiff's vague assertions of fraudulent acts by the defendant in issuing the loan fall well short of the heightened bar required for pleading fraud.  As such, the plaintiff's state law claims do not show a likelihood of success on the merits, thus, his motion should be denied.

Similarly, the plaintiff has not shown he is likely to succeed on the merits of his RICO claims. RICO provides a private right of action to persons injured in their business or property as a result of a violation of RICO's criminal prohibitions contained in 18 U.S.C. § 1962.  *See* 18 U.S.C. § 1964(c); *see also Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2008).  "The showing required to succeed on a RICO charge in the Fourth Circuit is both demanding and well-established" because "Congress passed RICO because of concern over long-term criminal conduct."  *Baker v. Sturdy Built Mfg., Inc.*, C/A No.

3

2:07-cv-212-HEH, 2007 WL 3124881, at *3 (E.D. Va. Oct. 23, 2007) (citation omitted). Here, the plaintiff's complaint fails to present facts to establish the necessary allegations for a RICO claim – conclusorily asserting that the debt is unlawful and that any collection efforts are illegal (*see* doc. 9). Accordingly, the plaintiff has also not shown he is likely to succeed on the merits of his RICO claims.

In addition to failing to show a likelihood of success on the merits, the plaintiff has also failed to allege irreparable harm if injunctive relief is not granted. The plaintiff alleges financial harm because the loan payments that will continue to be withdrawn from his account; however, as noted by the Fourth Circuit, absent *extraordinary circumstances* that have not been asserted in this case (such as when a moving party business cannot survive absent an injunction[4] or where damages may become unobtainable because of the defendant's insolvency), financial hardship does not warrant a finding of irreparable harm. *See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). As such, based on the foregoing, the plaintiff's motion should be denied.

## RECOMMENDATION

Based upon the foregoing, the plaintiff's motion for a preliminary injunction and a temporary restraining order (doc. 2) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 30, 2026
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

---

[4] The plaintiff, who filed this action on his own behalf as personal guarantor on the loan, is not representing the business in this action (because he cannot bring claims *pro se* on behalf of the business) so this exception does not apply to his request for a preliminary injunction/TRO.

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).